Alexander Chen [SBN 245798]
Katja M. Grosch [SBN 266935]
Theodore Lee [SBN 281475]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Plaintiff,
LFA Co. Ltd.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LFA CO. LTD.**, a Taiwanese limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**NANJING 9000 E-COMMERCE CO., LTD.**, a Chinese limited company; **NANJING ZUMALAN INFORMATION TECHNOLOGY CO., LTD.**, a Chinese limited company; **DOE 1 dba MAYELLO**, unknown entity; **DOE 2 dba MAYELLO OFFROAD**, unknown entity; **DOE 3 dba LOCKNIGHT-AUTOPARTS**, unknown entity; **DOE 4 dba MAYELLO-AUTOEM**, unknown entity; and **DOES 5 through 50**, inclusive.<br><br>DEFENDANTS. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LFA Co. Ltd. presents the following allegations and facts in support of this Complaint and demands a jury trial on all causes of action stated herein against Defendants Nanjing 9000 E-Commerce Co., Ltd.; Nanjing Zumalan Information Technology Co., Ltd.; Doe 1 D/B/A Mayello; Doe 2 D/B/A Mayello Offroad; Does 3 D/B/A locknight-autoparts; Doe 4 D/B/A Mayello-Autoem; and DOES 5 through 50 (collectively, "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for infringement of a patent, arising under the laws of the United States relating to patents, including, without limitation, 35 U.S.C. § 101, *et seq*., 35 U.S.C. § 271 and § 281. Plaintiff seeks preliminary and permanent injunctions and monetary damages for patent infringement.

2. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq*.

3. Venue properly lies within the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c); 28 U.S.C. § 1400(a); and 18 U.S.C. § 1965. On information and belief, Defendants conduct substantial business directly and through third parties or agents in this judicial district by selling and offering to sell the infringing products and by conducting other business in this judicial district. Furthermore, Plaintiff has been harmed by Defendants' conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact continuous and systematic business within the State of California and the Central District of California. In addition, this Court has personal jurisdiction over the Defendants because, on information and belief, this lawsuit arises out of Defendants' infringing activities, including, without limitation, the making, using, selling, offering to sell, shipping, and/or importing infringing products in the State of California and the Central District of California. Finally, this Court has personal jurisdiction over Defendants because, on information and belief, Defendants have made, used, sold, and/or offered for sale their infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Central District of California.

5. Upon information and belief, certain of the products manufactured by or for Defendants have been and/or are currently sold and/or offered for sale to consumers including, but not limited to, consumers located within the State of California at, among other places, ebay.com's website located at www.ebay.com and amazon.com's website located at www.amazon.com.

## PARTIES

6. Plaintiff LFA Co. Ltd. ("Plaintiff" or "LFA") is a Taiwanese limited liability company having its principal place of business in Taiwan.

7. Upon information and belief, Defendant Nanjing 9000 E-Commerce Co., Ltd. ("Nanjing 9000") is a Chinese limited company. Nanjing 9000 holds U.S. Trademark Registration No. 6900737 for the mark MAYELLO. This trademark covers, among other goods, "lighting apparatus for vehicles."

8. Upon information and belief, Defendant Nanjing Zumalan Information Technology Co., Ltd. ("Nanjing Zumalan") is a Chinese limited company. Upon information and belief, Nanjing Zumalan owns and operates the Amazon storefront "Mayello."

9. Defendant Doe 1 is a merchant offering for sale and selling infringing products as an Amazon.com seller with Amazon ID "Mayello." The identity and location of Doe 1 are unknown to Plaintiff.

10. Defendant Doe 2 is a merchant offering for sale and selling infringing products as an ebay.com seller with ebay ID or storefront "Mayello_offroad" or "Mayello Offroad." The identity and location of Doe 2 are unknown to Plaintiff.

11. Defendant Doe 3 is a merchant offering for sale and selling infringing products as an ebay.com seller with ebay ID or storefront "locknight-autoparts." The identity and location of Doe 3 are unknown to Plaintiff.

12. Defendant Doe 4 is a merchant offering for sale and selling infringing products as an ebay.com seller with ebay ID or storefront "MAYELLO-AUTOEM." The identity and location of Doe 4 are unknown to Plaintiff.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 5 through 50 ("DOE Defendants"), inclusive, and therefore sues these parties by such fictitious names. Plaintiff is informed and believes and based on such information and belief avers that each of

the DOE Defendants is contractually, strictly, negligently, intentionally, or vicariously liable or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to allege their true names and capacities when same are ascertained. Each of the Defendants named herein are believed to and are alleged to have been acting in concert with, as employee, agent, co-conspirator, or member of a joint venture of each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## <u>THE ASSERTED PATENT</u>

14. On October 22, 2024, the United States Patent and Trademark office, duly and legally issued United States Design Patent No. D1,048,481 S, entitled "Automobile Tail Light" ("the '481 Patent"). The patent's named inventor is Chi-Chung Lin. A true and correct copy of the '481 Patent is attached hereto as **<u>Exhibit 1</u>**.

15. Plaintiff LSA is assignee and owner of the entire right, title, and interest in and to the '481 Patent and vested with the right to bring this suit for damages and other relief.

16. The '481 Patent has one single claim directed to the ornamental design for a vehicle headlight compatible with the 1988-1998 Chevrolet Silverado, Suburban, Tahoe, and Yukon as shown below:

**LSA's D1,048,481 S Patented Design**




INHOUSE CO. LAW FIRM


FIG. 4 FIG. 5


INHOUSE CO. LAW FIRM

**COUNT 1**

**INFRINGEMENT OF THE D1,048,481 S PATENT – 35 U.S.C. § 271**

**(Against All Defendants)**

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. The Defendants are and have been aware of LSA's design, as LSA has submitted multiple infringement reports to Amazon and eBay. Despite this knowledge and awareness of LSA's '481 Patent, the Defendants continue to offer for sale, sell, and/or import unauthorized products into the United States for resale or use. These products, specifically the headlights compatible with the 1988-1998 Chevrolet Silverado, Suburban, Tahoe, and Yukon, infringe upon LSA's patented design (the "Accused Products").

19. A side-by-side comparison of the '481 Patented design and an exemplary specimen of Defendant's Accused Products is shown below:



| LSA's '481 Patent | Defendant's Accused Product |
| --- | --- |
| FIG. 1 | |
| FIG. 2 | |
| FIG. 3 | |

INHOUSE CO. LAW FIRM







20. As shown in the pictures, the headlight design of Accused Products is the same or substantially the same as the headlight design of the ‘481 Patent.

21. LSA has not granted a license or any other authorization to Defendants to make, use, offer for sale, sell, or import headlights that embody the headlight design patented in the ‘481 Patent and which is proprietary to LSA.

22. LSA alleges upon information and belief that, without authority, Defendants have infringed and continues to infringe the ‘491 Patent by, *inter alia*, making, using, offering to sell, selling, and/or importing in the United States, including in the State of California and within this

District, products infringing the ornamental design covered by the '481 Patent in violation of 35 U.S.C. § 271, including but not limited to Defendants' Accused Products.

23. Defendants' headlight design infringes the '481 Patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the headlight design of the '481 Patent and the headlight designs of Defendants' products, including without limitation, the headlight designs of the replacement headlamps compatible with the 1988-1998 Chevrolet Silverado, Suburban, Tahoe, and Yukon, are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

24. LSA is informed and believes that Defendants intentionally sell, ship, or otherwise deliver the Accused Products in the United States, with knowledge that the Accused Products are designed to and do practice the infringing features of the '481 Patent.

25. LSA is without an adequate remedy at law and has thus been irreparably harmed by these acts of infringement. LSA asserts upon information and belief that infringement of the asserted claims of the '481 Patent is continuous and ongoing unless and until Defendants are enjoined from further infringement by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for relief and judgment against Defendants as follows:

1. A judgment that Defendants infringed LSA's U.S. Patent No. D1,048,481 S;

2. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the design claimed in the '481 Patented Design;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing the '481 Patented Design;

c. engaging in any other activity constituting unfair competition with LSA, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with LSA;

d. committing any other act which falsely represents or which has the effect of falsely representing goods and services of Defendants are licensed, authorized, offered, produced, sponsored, or in any other way associated with LSA; and

e. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b);

3. An order requiring Defendants to recall from any distributors and retailers and to deliver to LSA for destruction any Accused Products, including the means of making such products;

4. An award of damages equal to Defendants' profits and all damages sustained by LSA as a result of Defendants' wrongful acts pursuant to 35 USC § 284;

5. An award of damages equal to treble Defendants' profits or LSA's damages, whichever is greater, on account of Defendants' willful infringement, and in no event less than $500,000;

6. An award of punitive damages and LSA's costs, attorneys' fees, and interest;

7. That Plaintiff be awarded its reasonable attorneys' fees and costs;

8. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and

9. Any and all other relief that this Court deems just and proper.

Dated: April 29, 2025

**INHOUSE CO. LAW FIRM**

By: /s/ Alexander Chen

Alexander Chen, Esq.
Theodore S. Lee, Esq.
7700 Irvine Center Drive, Suite 800
Irvine, California 92618

Attorneys for Plaintiff
LSA Co. Ltd.